# J. A. KELLY v. THADDEUS HARRISON.

1. SUPREME COURT. *Absence of bill of exceptions. Presumption.*

   Where the circuit court vacates a judgment by default, upon the motion of defendant, alleging several grounds, among others, that defendant was not served with summons, this court, in the absence of a bill of exceptions showing the evidence upon which the court acted, will presume, in support of its action, that evidence of the want of service was adduced.

2. JUDGMENT. *Irregularities in summons. Return. Jurisdiction. Collateral attack.*

   That a summons is, by clerical error, made returnable to a past date, and that the name signed to the return thereon is that of a deputy and not of both the sheriff and deputy, as required by code 1880, § 328, are mere irregularities, amendable upon motion, or subject to review on direct appeal, but not affecting the jurisdiction, or rendering a judgment by default thereon subject to attack collaterally.

3. ACTION. *When begun and pending. Lack of service. Code 1880, § 1522.*

   Under code 1880, § 1522, which provides, among other things, that "an action shall, for all purposes, be considered to have been commenced and to be pending from the time of the filing of the declaration, if a summons be issued thereon," etc., if a declaration is filed and a summons issued, the action will be deemed begun and pending, although the summons is, by clerical error, made returnable to a date long past, and is, in fact, not served on the defendant and no alias summons is issued.

4. SAME. *Vacating judgment. Action still pending. Statute of limitations.*

   If, in such case, a judgment by default, rendered on such return, is, at a subsequent term, vacated on motion of defendant, he should be required to plead to the declaration, and, if he pleads the statute of limitations, the time elapsed since the declaration was filed cannot be computed. *Meyer v. Whitehead*, 62 Miss., 387.

FROM the circuit court of Lauderdale county.
HON. S. H. TERRAL, Judge.

The opinion contains a statement of the facts.

*Witherspoon & Witherspoon*, for appellant.

1. No action was begun.   Section 1522, code 1880, requires more than the filing of a declaration.   In this case the de-

fendant was not served with summons. No valid summons was ever issued, and there was no alias summons.

This court will presume that the action of the court below in setting aside the judgment, was correct, since there is no bill of exceptions. It must be presumed that the pretended summons was not, in fact, served. Said statute does not apply where the defendant has not been summoned at all. An action, in the legal sense of the word, means a contest in the courts between two parties. There must be a plaintiff and a defendant. There cannot be a defendant until process is served. If the defendant be in fact served, the action will be deemed to have begun from the filing of the declaration, but there can be no commencement of an action where there has never been any service. See *Wood* v. *Bissell,* 9 N. E. Rep., 425; *Wolfenden* v. *Barry,* 22 N. W. Rep., 915.

Since the summons required defendant to appear at a date long past, it was a nullity. *Ditch* v. *Edwards,* 26 Am. Dec., 414; Freeman on Judgments, §§ 126, 521; *Hendricks* v. *Pugh,* 57 Miss., 157; 25 N. W. R., 126. See also *Knowlton* v. *Watertown,* 130 U. S., 327; 12 N. W. R., 661; 24 *Ib.,* 665.

2. Even if the action was commenced, it was not prosecuted for a considerable length of time, and the note is barred. We submit that the action was pending, if at all, only from the day of the filing of the declaration to the end of the return-term of the court. Since then a sufficient time has elapsed to complete the bar. If plaintiff saw fit to take a void judgment, and go out of court and abandon his case, he cannot claim that he had a suit pending all the while. There was neither a plaintiff nor defendant in court during the interval.

*J. S. Hamm* and *W. N. King,* for appellee.

The filing of the declaration and the issuance of the summons stopped the running of the statute. The subsequent vacating of the judgment did not amount to a discontinuance. The defendant was properly required to plead to the declara-

tion.   The case was still a pending case.   Code 1880, § 1522;
*Winston* v. *Miller,* 12 Smed. & M., 550; *Harrison* v. *Bank,*
307; *Meyer* v. *Whitehead,* 62 *Ib.,* 389; *Germania* v. *Francis,*
52 *Ib.,* 457; *Allen* v. *Manderville,* 26 *Ib.,* 297; *Moore* v. *Hoskins,* 66 *Ib.,* 496.

The summons was not void.   The words in the summons
fixing the date of the next meeting of the court was surplus-
age.   The return-day is fixed by law.   The defendant could
not be misled.   If the action remained pending, as we con-
tend, it follows, of course, that the time elapsed after the
filing of the declaration cannot be computed in determining
the question of the statute of limitations.

COOPER, J., delivered the opinion of the court.

This suit is upon a promissory note, due November 17, 1879.
On the 6th of December, 1883, the plaintiff filed his declara-
tion in the circuit court clerk's office of Lauderdale county,
and summons was issued on the 7th.   By it the defendant
was warned to appear before "the honorable circuit court of
said county, next to be holden in and for said county at the
court-house thereof in the town of Meridian, on the 1st Mon-
day of January, 1883."   The writ bears date December 7,
1883, and the date of the return-day, as set forth, was, of
course, long passed.   On the first day of January the sheriff
indorsed on the writ a special deputation to one W. A. Dear-
man to execute and make return thereof.   On the writ the
following return was made:

"Executed by handing to J. A. Kelly a true copy of the
within process, January 2, 1884.

                    "W. A. DEARMAN, *Special Deputy.*"

On the fifth day of the January term, 1884, a judgment by
default was taken against the defendant, and on the 23d of
October, 1888, an execution was issued, which was levied upon
certain lands of the defendant.   On November 24, 1888, the
defendant filed his petition for *supersedeas* of said execution,
on the ground that the judgment under which it was issued

was void, because: (1) No legal summons was ever issued for the defendant; (2) because no return of service was made, sufficient to give the court jurisdiction of the defendant; (3) because, as matter of fact, no service of the writ was made, and the defendant had not had notice of the suit. A hearing was had on this petition, which resulted in a judgment quashing the execution and vacating the record of the judgment, but the defendant was required forthwith to plead to the declaration, whereupon he pleaded the statute of limitations, on which plea the plaintiff took issue, and, by agreement of the parties, a jury was waived and the issue tried by the court, which found in favor of the plaintiff and rendered judgment for him, from which judgment the defendant appeals.

No bill of exceptions was taken by the plaintiff to the action of the court in vacating the judgment by default. We are, therefore, not informed upon what evidence the court acted in making that order, but since the petition of the defendant set forth that, as matter of fact, no service of the writ had ever been made on him, and this, if proved, warranted the judgment on the petition (*Meyer* v. *Whitehead*, 62 Miss., 387), we must, in support of the action of the court, presume that evidence of the want of service was adduced.

The errors assigned by the appellant relate to the trial of the issue presented by the plea of the statute of limitations, and the appellant now contends that there was no pending suit against him until, under the order of the court, he pleaded to the declaration on the fourteenth of July, 1890.

If this be true, the plea of the statute of limitations should have defeated the action. On the other hand, if the suit was pending from the date of the filing of the declaration, December 6, 1883, it is conceded that the right of action was not barred, and that the judgment appealed from is correct.

By § 1522 of the code it is declared that, "except in cases in which it is otherwise provided, the manner of commencing an action in any of the circuit courts of this state shall be by

filing, in the office of the clerk of such court, a declaration,. on which a summons for the defendant shall be immediately issued; and an action shall, for all purposes, be considered to have been commenced, and to be pending, from the time of the filing of the declaration, if a summons shall be issued thereon for the defendant, and, if not executed, other like process, in succession, shall be issued in good faith for the defendant."

The appellant says that the summons meant by the statute is a legal summons, which, if served upon the defendant according to law, would give the court jurisdiction of his person, and that the summons issued for him in December, 1883, was not a legal summons, because it directs him to appear at a time then passed to answer to the plaintiff's action; and, since there was no legal summons, the plaintiff's suit is not brought within the protection of the statute. Objection is also made that, since Dearman, the special officer, did not, in making his return, sign both his own name and that of the sheriff, as by law he was required to do (Code, § 328), the return was no evidence that any service of the writ had been made upon the defendant, so that it was the duty of the plaintiff to sue out other process in due course, if he desired the benefit of the statute. The exceptions are of like nature, and we treat them together.

Neither the summons nor the return was a nullity because of the defects pointed out by the appellant. Each was a mere irregularity, amendable if attention had been called to it, and, if not amended, presenting only the question of error or no error on direct appeal from the judgment rendered by the court, but not affecting its validity in a collateral attack. By the writ, if served upon him, the defendant was advised that he was being pursued by a particular person, upon a particular demand, in a certain court, to be held at a certain place, and whose terms were fixed by law. A mere inspection of the paper would have shown that the mistake of fixing the next term of the court, as to be held on the first Monday of Janu-

ary, 1883 (then long passed), instead of the first Monday of January, 1884, resulted from clerical error, and he was bound to take notice of the law that the defect might, under the order of the court, be amended by inserting in the process the true date. So, also, if the service had actually been made upon him, and he had seen the writ with return of the special officer upon it, he was bound to know that the return was but the evidence provided by law for the *fact* of service, upon which the jurisdiction of the court over his person depended, and that it, if irregular, might also be amended according to the facts.

Mere irregularities in the process or the service of process or the return thereof do not affect the jurisdiction of the court over the person of the defendant. It may be that the court, in rendering the judgment by default, erroneously held that the summons was sufficient in law, or that the return of the officer was sufficient to show a legal service. If there was such error, the remedy of the defendant to correct it was by appeal, and, if he failed to pursue that remedy, he could not attack the judgment as a nullity nor procure it to be reconsidered by the court rendering it after the lapse of the term in which it was rendered. For the correction of mere errors in the judgments of the inferior courts, this court is the only tribunal known to our constitution and laws. Neither the inferior court by which the error is committed (after the lapse of the term in which the judgment is rendered), nor any other court than this, has jurisdiction. *Allen* v. *Dicken*, 63 Miss., 91; *Cole* v. *Butler*, 43 Maine, 401; *Hunter* v. *Lester*, 18 How. Prac. Rep., 347; *Myers.* v. *Overton*, 2 Abb. Prac. Rep., 344; *Peck* v. *Strauss*, 33 Cal., 678; *Hendrick* v. *Whittmore*, 105 Mass., 23; Freeman on Judgments, § 126.

The court having vacated the original judgment, on the ground, we must suppose, that no service of process had ever in fact been made, correctly treated the suit as still pending. *Meyer* v. *Whitehead*, 62 Miss., 387.

*Judgment affirmed.*