## T. A. HOWARD LUMBER CO. v. HOPSON.*

(En Banc. Sept. 22, 1924.)

[101 So. 363.  No. 24200.]

1. PROCESS.  *Indorsement on back of summons held no part thereof of which defendant required to take notice.*

Section 3913, Code of 1906 (section 2920, Hemingway's Code), provides that process to bring in defendants at law or in chancery shall be a summons commanding the officer to summon the defendant "to appear and answer on the return day." Section 3916, Code

of 1906 (section 2923, Hemingway's Code), provides that summons in actions in the circuit court shall be made returnable on "the first day of the term, and shall be executed five days before the return day thereof." Summons was issued and personally served on the defendant returnable on a past date. There was an indorsement on the back of the summons to the effect that it was returnable on the first day of the next term of the court. A judgment by default was taken upon such summons. *Held,* that the indorsement on the back of the summons was no part of the summons of which the defendant was required to take notice; that the judgment, though not void, was erroneous.

2. APPEAL AND ERROR. *Judgment by default, based on summons returnable to past date, though not void, held harmful error.*

Section 3913, Code of 1906 (section 2920, Hemingway's Code), provides that process to bring in defendants at law or in chancery shall be a summons commanding the officer to summon the defendant "to appear and answer on the return day." Section 3916, Code of 1906 (section 2923, Hemingway's Code), provides that summons in actions in the circuit court shall be made returnable on "the first day of the term, and shall be executed five days before the return day thereof." Summons was issued and personally served on the defendant returnable on a past date. There was an indorsement on the back of the summons to the effect that it was returnable on the first day of the next term of the court. A judgment by default was taken upon such summons. *Held,* that the judgment, although not void, was erroneous, and the error harmful to the defendant, and on appeal should be reversed.

HOLDEN, J., and SMITH, C. J., dissenting.

*Headnotes 1. Process, 32 Cyc, p. 432; 2. Appeal and Error, 4 C. J., section 3050 (1926 Anno).

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action by the T. A. Howard Lumber Company against Hollis Hopson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*Deavours & Hilbun,* for appellant.

We submit that this process, if not altogether void, is at least fatally defective and voidable, and the court erred in rendering a judgment by default against the

defendant.  Section 3916, Code of 1906, section 2923, of Hemingway's Code.

This process was not made returnable on the first day of the term of court, or at any time when the court was in session, but instead was made returnable to a past date.  *Hendricks* v. *Pugh,* 57 Miss. 162, is very much like the case here.

We are not unmindful of the fact that our supreme court in *Kelly* v. *Harrison,* 69 Miss. 860, held that process somewhat similar was not a nullity because of a similar defect and that this was an irregularity which could not be taken advantage of by collateral attack.  Whether the process in this case be void or defective and voidable, the result, it seems to us, is the same.  There is no question here of the amendment of the process, or an application to amend the process in the lower court, but, the proposition here is whether the process is defective or voidable.  The appellee stood on this process and his judgment is based thereon.  Appellant has pursued the remedy pointed out in *Kelly* v. *Harrison, supra,* and has by direct appeal brought the case to this court.  It is not a case of a collateral attack as was involved in *Kelly* v. *Harrison.*

In connection with this case we desire to call the attention of the court to the opinion rendered by Chief Justice CAMPBELL in *Joiner* v. *Bank,* 71 Miss. 384.  This case is not exactly like the case at bar, but it holds that the process, violative of law, was good for nothing, and that the person served was under no obligation to pay any attention to it.

It seems manifest to us that this process was defective and voidable, if not void.  If it is void, then no amendment could give it life and force.  If voidable and defective, then no effort was made by amendment to correct the same.  Appellee chose to stand on the process as it was.  Appellant entered no apearance in the lower court, but has, within the time provided by law, prosecuted a direct appeal.

We respectfully submit that the court erred in rendering the default judgment against appellant on the process in question and therefore this case should be reversed and judgment entered here for appellant.

*Pack & Pack,* for appellee. .

The judgment in this case is good. It is not technically a judgment by default except as to the question of the liability of the defendant. There was a jury of inquiry to assess the damages and the injury and the extent of injury was proved and the real judgment in the case was entered upon testimony and instructions of the court. So, the naked question in this case is: Was the summons utterly void?

We contend as matter of law that the whole summons read together is not void, is not even voidable, for the reason that it advised the defendant, the appellant, of the true date of the convening of the court, to-wit: the third Monday of November, 1923. Having taken the position that the summons is not void, we shall barricade ourselves with the following authority: Section 2945, Vol. 1, Hemingway's Annotated Mississippi Code, 1917; Section 3938, Miss. Code, 1906; *Hale* v. *State,* 72 Miss. 140, 16 So. 387; *Dogan* v. *Bloodworth,* 56 Miss. 419; *Spratley* v. *Kitchens,* 55 Miss. 578.

To illustrate and refresh our minds as to the vast distinction in law between the words "void" and "voidable," and between the facts "void" and "voidable" see: *Jordan* v. *Missouri & K. Telephone Co.,* 116 S. W. 432, 433, 136 Mo. App. 192; *Briscoe* v. *Macfarland,* 32 App. D. C. 167.

The burden is always upon the person injuriously affected by a voidable thing, to avoid it. That burden is his, and until he takes proper and appropriate action at the proper and appropriate time and place to void it he is bound by it.

The time and place for the appellant in this case to avoid the process was in the circuit court of Jones county, Mississippi, where it advised him the case was pending against him.

Now, the only objection which the appellant makes to this summons is that it was erroneously made returnable on the third Monday of October, 1923, a day already past when the summons was issued on the twentieth day of October, 1923.

As matter of law, this is no objection at all to the summons. The statute in this state fixes the return day of all process and requires the appearance of the defendant on that day, and subjects him to the rendition of a judgment by default against him unless he does appear and enter a defense. Section 2923, Hemingway's Code; Section 3916, Code 1906; Section 566, Hemingway's Code; Section 783, Code 1906.

The above statutes fix the return day of the process and require the appearance of the defendant on the same day to enter his defense, failing in which subjects him immediately thereafter to judgment by default, or at any time thereafter requested by the plaintiff and before defense made. Such being the statutes of this state it is unnecessary under the general rule of law for the summons to specify the return day. The law charges the defendant with notice and knowledge of the return day. Cyc. 431, Vol. 32, under the title "Process."

*Davis* v. *McCary et al.*, 100 Ala. 545, 13 So. 665 is directly in point, and is a case in which a judgment was rendered by default on a summons which did not specify any return day at all and did not even require the appearance of the defendant "at the next term" of the court, or according to the form of the code, for the reason the court held that the statute itself made the process "returnable to the next succeeding term," and that the return day of the summons is the first day of the court to which it is returnable.

136 Miss.—16.

And this is exactly and precisely what this court held, in legal effect, in the case of *Kelly* v. *Harrison*, 12 So. 261. The effect of the opinion of this court in the *Kelly case*, reported in 12 So. 261 (1892), is to overrule the case of *Hendricks et al.* v. *Pugh, Administrator*, (1879), relied upon by appellant. This court defined the requisites of a summons in the case of *Nance* v. *Webb*, 42 Miss. 268, Miss. Reprints Book 21, 104.

*Currie & Currie*, also for appellee.

The sole question in the case is whether or not this summons was void? If the summons was not void, the judgment is good.

The summons was not void under the laws of this state. In *Nathaniel Harrison et al.* v. *The Agricultural Bank*, 2 S. & M. 307, the court held a summons returnable to the wrong term of court is not void under the law. In *Spratley et al.* v. *B. F. Kitchens*, 55 Miss. 578, it was held by this court that: "Any writ issued without a seal upon it is amendable, under section 712 of the Code of 1871. Section 712 of the Revised Code of Miss. 1871 is the same as section 2945, Hemingway's Ann. Miss. Code 1917, Vol. 1; sec. 3938, Miss. Code 1906.

In *Dogan, Sheriff*, v. *Bloodworth*, 56 Miss. 419, it was held that a writ for the seizure of Agricultural products was not void although it named no defendant and contained no personal summons. In *Hale* v. *State*, 72 Miss. 140, 16 So. 387, this court held that: "A motion to quash the *venire facias* on the ground that the clerk's signature was omitted therefrom was properly overruled, process containing errors of omission being amendable on such motion, under Code 1892, par. 3439.

In *Wimberly* v. *Boland*, 72 Miss. 241, 16 So. 905, it was held that a summons issued by a minor deputy clerk who had not been appointed in writing as such, and who signed the name of the clerk only to the writ and not his own as the deputy issuing the same did not render

the writ void.  See Section 2945, Hemingway's Code, Section 3938, Code 1906; Section 2919, Hemingway's Code, Section 3912, Code 1906; Section 2923, Hemingway's Code, Section 3916, Code 1906.

Under these statutes and in the case of *Sweatman et al.* v. *Dean et al.*, 86 Miss. 641, 38 So. 231, it was held by this court that: "A summons returnable to the second Monday of a term of the chancery court, while irregular, is not void, and a decree predicated thereon rendered after the second Monday of the term cannot be collaterally attacked."

If the return be true, and it is bound to be deemed to be true in this case, the defendant was notified by endorsements appearing upon and constituting a part of the process itself, and that it was returnable on the third Monday of November, 1923.  Section 566, Hemingway's Code, Section 783, Code 1906, provides that: "The defendant shall plead on or before the first day of the term to which the process is returnable, or within such other time as the court, by rule or otherwise, may allow; and, for want of plea, judgment may be entered by default."

Under this section in *Story* v. *Ware*, 35 Miss. 399, this court held: "The return term of an action at law, is the first term after the summons has been legally executed."  The law in this state fixes the return day of a summons and there is no escape for the appellant from the payment of the judgment which he allowed to be rendered against him in this case.

Argued orally by *Geo. Butler,* for appellant, and *N. T. Currie,* for appellee.

Anderson, J., delivered the opinion of the court.

This is an appeal by T. A. Howard Lumber Company from a judgment by default against it in favor of appellee Hollis Hopson, rendered by the circuit court of Jones county.  The question is whether the judgment should be recovered on account of an error in the sum-

mons to be hereinafter pointed out. The cause arises out of this state of facts:

On October 20, 1923, appellee brought an action against appellant in the circuit court of the Second district of Jones county for damages for a personal injury suffered by him, alleged to have been caused by the negligence of appellant. The next regular term of circuit court of the Second district of Jones county due after the bringing of appellee's action was fixed by law to begin the third Monday of November, 1923 (chapter 141, Laws 1922). Process for appellant was issued on the same day appellee's declaration was filed. The clerk, in issuing summons, instead of making it returnable at a future term of court as provided by statute, made it returnable on the third Monday of October, 1923, a past date. The summons was in due form commanding appellant "to appear before the circuit court of the Second district of the county of Jones, state of Mississippi, at a term of said court held the third Monday of October, 1923, at the city of Laurel, Miss.," etc. This summons was served on appellant on the same day it was issued, October 20, 1923. There was personal service according to the statute. Indorsed on the back of the summons besides a statement of the court, wherein the cause was pending and the style of the case, there was the following:

"Summons. Summons issued October 20, 1923, returnable third Monday November, 1923. Returned and filed this 22d day of October, 1923. [Signed] J. T. Herrington, Clerk of the Circuit Court."

Appellant entered no appearance at the next term of the court which convened on the 22d day of November, 1923. A judgment by default was entered against appellant on said summons, and a writ of inquiry awarded, followed by a trial thereon resulting in a verdict and judgment in favor of appellee against appellant in the sum of one thousand dollars.

Appellant's contention is that, even though the judgment against it be not void, still it is erroneous because

the summons upon which it was based was returnable at
a past date, and that the error was harmful and on ap-
peal there should be a reversal because of such error,
while on the part of appellee it is contended, first, that
there was no error in the issuance of the summons, and,
second, that if there was it was such an error as did not
render the judgment void, and therefore appellant is
without ground of complaint.

Section 3913, Code of 1906 (section 2920, Heming-
way's Code) provides that process to bring in defend-
ants at law or in chancery shall be a summons, and shall
command the officer to summon the defendant "to ap-
pear and answer on the return day." Section 3916, Code
of 1906 (section 2923, Hemingway's Code), provides
among other things, that summons in actions in the cir-
cuit court shall be made returnable on "the first day of
the term, and shall be executed five days before the re-
turn day thereof."

Appellee's contention is that the error of the clerk,
in making the summons returnable to a past date, was
cured by the indorsement on the back of the summons
which shows that it was returnable at a future date,
namely, the third Monday of November, 1923; that the
error could have done appellant no harm, because said
indorsement was at least sufficient to put appellant on
inquiry as to the return day, which, if pursued, would
have led unerringly to a knowledge of the fact that the
true return day was the third Monday of November,
1923, instead of the third Monday of October, 1923, a
past date. It is at once apparent that this contention
is based on the theory that the indorsement on the back
of the summons was a part of the summons required by
law to be served on appellant. This position is unsound.
There is no such requirement of law. The indorsement
on the back of a summons for a defendant constitutes
no part of the summons required to be served on the de-
fendant, and, if entered by the officer on the copy handed
the defendant, the latter is not required to take any no-

tice thereof. The court and the time and place of holding the same, set out in the command of the summons, are controlling on a defendant. We hold, therefore, that the summons in this case was erroneous, in that it was made returnable to a past date.

Appellee says, however, that, if mistaken in that contention, under the authority of *Kelly* v. *Harrison,* 69 Miss. 860, 12 So. 261, the judgment complained of is not void, but merely irregular, and such irregularity cannot be taken advantage of even on appeal. In that case as here, the summons for defendant was made returnable to a past date, judgment by default was taken upon which execution was issued and levied upon land of the defendant. The defendant, by means of a petition for *supersedeas* of the execution, sought to have the execution quashed and the judgment declared void, because of said irregularity in the summons. The opinion of the court so far as it touches the question here involved, held that the irregularity in the process for the defendant did not affect the jurisdiction of the court over the person of the defendant; that, in rendering the judgment by default, the court might have erroneously held that the summons was sufficient to show legal service, but that, if there was such error, the remedy of the defendant to correct it was by appeal, and, if he failed to pursue that remedy, he could not attack the judgment as a nullity, nor have it reconsidered by the court which rendered it after the lapse of the term at which it was rendered, and that, for the correction of such errors in the judgments of inferior courts, resort must be made to the supreme court by appeal; that no other court had jurisdiction. It is true the court in that case did not decide that the error complained of was a harmful error, which on appeal would have entitled the defendant to a reversal. Plainly, that question was not before the court. The court, however, clearly held that for the correction of such an error the remedy was by appeal.

The summons in this case being merely erroneous the question is whether or not the error complained of was harmful to appellant.  If it was, appellant is entitled to a reversal and a new trial; if it was not, the judgment appealed from should be affirmed.  The question seems easy of solution when it is kept in mind the office of a summons for a defendant.  The purpose is to get jurisdiction of the person of the defendant, and to inform him when and in what court he is to appear and make defense to the cause.  The statute prescribes the manner in which this shall be done.  It is by a summons returnable on the first day of a future term of the court to be executed at lease five days before the return day thereof.  Concede that all persons are affected with notice when the regular terms of court are held, and concede, for the purpose of the argument, that all persons are affected with notice when special terms are to be held.  Nevertheless, it was plainly the purpose of the statute that defendants summoned into court should not rely on such knowledge.  Appellant had a summons commanding him to appear on a past date.  Certainly the situation was calculated to confuse him and mislead him, especially if appellant was without *actual* knowledge when they were held.  There is nothing in the record to show whether appellant was *actually* misled or not, except the fact that it failed to appear at the next term of the court, and, on account of such failure, judgment by default was rendered.  There was such an error in the proceedings as was calculated to mislead appellant and may have done so.  In other words, it was an error that denied appellant a substantial right, namely, to be served with the summons as required by the statute, returnable to the first day of a term of court to be held in the future.

*Reversed and remanded.*

HOLDEN, J. (dissenting).

I cannot agree with the majority, because the summons issued requiring the defendant to appear on a past

date was issued and served more than five days before the return day of the next term of court, which term of court and the return day of the writ are fixed by law, and the defendant was charged with a knowledge of the law. The defendant had notice to appear before the circuit court of the Second district of Jones county, at a term to be held on the third Monday of October, at the city of Laurel, state of Mississippi. It was informed as to who was suing it, and in what court it must appear, and, while the summons by a clerical error required it to appear on a past date, yet the statute fixing the next term of court, which was the third Monday of November, was binding, and reasonable notice to appellant that it should appear at that term of court fixed by law and plead on the first day as provided by the statute.

I think it was the duty of the defendant to appear and complain about the irregularity in the summons with reference to the date of appearance. The defendant knew it was being sued, knew what court to appear in, and must have known that it could not appear on a past date, but should appear at the next regular term of that court in that county at Laurel, Miss.

Irregularities in the process of a court do not make the judgment void, and the process could have been amended so as to cure the irregularity, if the defendant had appeared at some time in the lower court and made objection to the irregularity in the process. 21 R. C. L., p. 1267. But he did no such thing; he sat back and appealed the case and presented the question in this court for the first time. I am inclined to think that, by his failure to attend in the lower court, he waived the irregularity in the summons and cannot now complain about the judgment.

But, aside from the above view, I think the case of *Kelly* v. *Harrison,* 69 Miss. 860, 12 So. 261, settles the question presented in this case, for that decision plainly holds that the character of service obtained in the case before us is sufficient to require the defendant to

answer the complaint. The case holds that an irregularity in the service of process can be complained of, not by a collateral attack on the judgment, but only by direct appeal to this court.

This is the only limb in that decision upon which the majority of the court in the instant case can hang a hope of soundness of their decision. But they misconstrue what the court meant in that regard, as I see it, because the court merely spoke of the remedy as being one of appeal, but not holding that, in such case, there would necessarily be a reversal of the judgment on account of the irregularity complained of. A careful reading of the case will demonstrate this construction to be true.

Section 3916, Code of 1906 (section 2923, Hemingway's Code), provides that summons shall be made returnable on the first day of the term, and shall be executed five days before the return day thereof. This is statutory notice that all summons are made returnable to the first day of the term of court, which another statute specifically fixes, and process shall be executed before the return day. The process here was issued and executed more than five days before the return day, and plainly apprised the defendant of the form of the lawsuit, the parties and place of the hearing, but mistakenly required the appearance to be on a past date. 32 Cyc., p. 431, 6, B.

Now any reasonable person could hardly be confused or mislead as to when he would be expected to appear and defend the suit. He is charged with knowledge of the day on which the next term of court will open, and it was his duty to appear there and move in some direction to quash the process or have it amended.

He should have given the circuit judge a chance to remedy the irregularity before bringing the case to this court on appeal. This court has held in the past in other cases, that, where the summons is sufficient to give the court jurisdiction of the party, he must come in and protest against mere irregularities, otherwise he will be held

to have waived such irregularity, and a judgment against him will be valid on appeal or by collateral attack.

SMITH, C. J., concurs in this dissent.