WILLSFORD *et al. v.* MEYER-KISER CORPORATION.*

(Division B.  May 25, 1925.)

[104 So. 293.  No. 24829.]

1. JUDGMENT. *Trial. Judgment entered at term at which writ returnable to day subsequent to beginning of circuit court but during term was returned is erroneous, and, though not subject to collateral attack, may be corrected by appeal.*

   Where a writ of seizure was issued and returned to a day subsequent to the beginning of the circuit court but during such term, the cause is triable at the next succeeding term, and a judgment entered at the term at which the writ was returned is erroneous, though not subject to collateral attack, and may be corrected by appeal.

2. CONTINUANCE. *On continuance of case on writ of seizure for term, defendant and sureties on forthcoming bond may depart from court unless served with notice of motion to set order aside.*

   When the case so made returnable is continued for the term by an order entered on the minutes, the defendant and the sureties on his forthcoming bond may depart from court until the next term, unless they are served with notice of a motion to set same aside, and in the absence of such notice it is error to set aside the order of continuance.

3. JUDGMENT. *On judgment under writ of seizure for amount sued for, with interest, further judgment for damages for depreciation of automobile seized was error.*

   Where in such case a judgment is taken for the amount sued for with interest, and the automobile seized is valued in the judgment at such amount, it is error to render a further judgment

for damages for depreciation of the automobile, because the effect is to increase the demand of the plaintiff above the total sum demanded in the petition.

\*Headnotes 1. Judgments, 34 C. J., sections 192, 863; 2. Continuances, 13 C. J., section 147; 3. Judgments, 33 C. J., section 101.

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.
Suit by the Meyer-Kiser Corporation against T. F. Willsford and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

*J. L. Williams,* for appellants.

The judgment appealed from is erroneous, and should be reversed by this court. 'The summons was erroneous in that it violates section 3916, Code of 1906 (section 2923, Hemingway's Code,) which required that the summons shall be made returnable on the first day of the term. The summons here was returnable on the fourth Monday of March, whereas the return day was the third Monday of March. (Laws 1922, ch. 148.) That this judgment was erroneous and the error harmful to the defendant is held in the case of *T. A. Howard Lumber Co.* v. *Hopson,* 101 So. 363.

The judgment is clearly erroneous for the reason that the bond was given under section 151, Code of 1906 (section 143, Hemingway's Code), and the rights of the plaintiff to a judgment are governed strictly by section 172, Code of 1906 (section 164, Hemingway's Code). We have in this record a case where the plaintiff, by continuing his cause for the term, and afterwards re-opening same during the part of the term set apart for criminal business, on a demand, according to his own sworn pleadings, amounting to the maximum of one thousand forty-five dollars and fifty-six cents, has a judgment against appellants in the sum of one thousand seven hundred forty-five dollars and forty-six cents, and the sureties have been deprived of the right guaranteed them by section

164, Hemingway's Code, to have the judgment satisfied and discharged by delivering the property to the sheriff within ten days after the execution had come into his hands. Counsel evidently confused the present proceedings with the proper procedure in a replevin suit. That a failure to comply with the statute vitiates the verdict is held in the following case: *Bedon* v. *Alexander*, 47 Miss. 254. For the foregoing reasons, I respectfully submit that the judgment appealed from is erroneous and should be reversed by this court.

*R. J. Petty*, for appellee.

Appellants contend first that the bond executed by them was given under section 151, Code of 1906 (Hemingway's Code, section 143), with the appellant Willsford as principal, and the other appellants as sureties, and then on page three of appellants' brief, they contend that they executed bond under section 153, Hemingway's Code, but in either instance the bond executed provides for the return of the property and in default thereof, to satisfy said judgment to the value of the property. A replevin bond is simply a bond which has the effect to give the maker thereof possession of the property involved. Rawl's Bouvier (3rd Ed.) p. 2891. This is as effectually accomplished by a bond to discharge the writ as a forthcoming bond. They are both replevin bonds in the sense of the statute, and that the bond executed by appellants was authorized by law under the purchase money lien proceedings. The appellants in fact executed a bond conditioned for the satisfaction of whatever judgment the court would render in the action of replevin begun by plaintiff against the defendant, Willsford. They are, therefore, bound, both the principal and sureties, by the terms of the bond.

Counsel for appellants urge that the proceedings in the present case were confused with the regular replevin proceedings. This suit was begun under section 2437, Hemingway's Code, which provides for the enforcement

of purchase money liens on personal property. A writ of seizure, accompanied by affidavit was issued, the property seized and released on bond executed by appellants, and then judgment rendered for the return of the property, or to pay the value thereof, to-wit: one thousand forty-five dollars and forty-six cents. This was the proper judgment to be entered and thereby made the sureties on the bond executed by the defendant, Willsford, liable. This question is discussed in full in *Flanagan* v. *King-Peeples Auto Company et al.,* 94 So. 841.

The court will see from the bond that it was conditioned for the satisfaction of whatever judgment might be rendered against appellants, and that they are liable under the judgment which was rendered against them.

From an examination of the record in this cause, it will be seen that the writ of seizure was issued on December 3, 1923, and the return made on the writ by the sheriff on the same day, returnable to the fourth Monday of March, 1924, some three months later. Can the property seized by the sheriff in December, 1923, be brought into court in March, 1924, three months later, and deliver this property to appellees as the same property which was seized in December, 1923? Does he contend that this property was not damaged during the time it was seized until it was delivered to appellees? Does he contend that the appellees are not entitled to damages for the damages suffered to the property for the three months that it was in the possession and the use of one of the appellants, Willsford, and that the appellants are not liable for the damages suffered to this property? Was the property damaged? The court says that it was, that it was damaged to the extent of seven hundred dollars, and the court so instructed the jury as to the amount of damages suffered to the car, and the jury promptly returned the verdict as so directed. This court fixed the measure of the seller's damages in the recent case of *Austin Machinery Co.* v. *Clark-Hunt Contracting Co.,* 103 So. 1.

I submit, therefore, that the judgment entered in this case is not erroneous, but it is just what the appellees are entitled to under the law.

Counsel contends 'that the summons in this cause is erroneous 'for the reason' that it commanded the defendant, Willsford, to appear on the fourth Monday of March, 1924, whereas the circuit court of Sunflower county, Mississippi, convened on the third Monday of March, and cites the case of *Howard Lumber Company* v. *Hopson*, 101 So. 363, as his authority that the summons was erroneous. In the Howard case, the summons was made returnable to the past due date, whereas in the present case, the summons was made returnable to a future date, even later than the first Monday of the term of court, and judgment rendered at a later date than the fourth Monday, although the appellants here, defendants below, executed a bond conditioned for the forthcoming of the property to the 17th day of March, 1924, which was the third Monday of March, 1924, and they, therefore, knew, by executing said bond that the court convened on the 17th day of March, 1924, or at least knew that they were to appear in Indianola, Mississippi, on that date, and that they were to have the property replevied by them in court on that date, and that it was not the fourth Monday of March on which they were to appear. This case is entirely different from the Howard case cited by appellants.

I submit that the process was not erroneous to such an extent as to make the judgment void. *Sweatman* v. *Dean*, 86 Miss. 641. Appellants further contend that it was harmful error to them for judgment to be rendered against them during that part of the term of court set aside for criminal business. But see *Mann's Mercantile Co.* v. *A. B. Smith*, 107 Miss. 16.

From the foregoing decision of this court, it is evident that a suit of civil nature can be tried at any time during the term of court, be it that part of the term set aside for the trial of criminal causes, the division of time being for convenience only, and not to limit the right of the

court to dispose of cases properly before it, at any time during the term of court.

An order of continuance was entered in this cause on Wednesday, March 26, 1924. It is to be presumed that this order was entered upon good cause shown to the court at the time it was entered, as shown by the motion on page 16 of the record, which motion was filed to have said order of continuance set aside. The court must be presumed to have acted upon sufficient evidence in setting aside this continuance, as nothing to the contrary appears from an examination of the record.

Counsel for appellants says that the value of the property was not assessed. In this he is incorrect, for on page 20 of the record, the judgment appears and shows that the value of the property was one thousand forty-five dollars and forty-six cents, while counsel says that a failure to follow the statute vitiates the verdict, citing the case of *Bedon* v. *Alexander,* 47 Miss. 254, as his authority for saying that a failure to assess the value of the property vitiates the verdict. In the Bedon case, the record does not disclose that the property was assessed by the jury, nor a valuation assessed thereon, while in the present case the valuation of the property clearly appears, that a motion for a jury to be empanelled to assess the value of the property was filed, and that a verdict was rendered by them upon the valuation of the property shown in the judgment, and that they were also instructed to return a verdict of seven hundred dollars as damages suffered to the property. Counsel is wrong in his contention that appellees have a judgment against appellants for the return of the property and also the sum of one thousand forty-five dollars and forty-six cents, but they have a judgment against appellants for the return of the property, or to pay the value thereof, to-wit: one thousand forty-five dollars and forty-six cents, and in default to pay the value, then that they restore the property and pay appellees herein the sum of seven hundred dollars as damages to the property.

For the foregoing reasons, and the authorities cited therein, I respectfully submit that the judgment of the lower court should be affirmed.

*H. C. Mounger,* also for appellee.

Complaint is made and error assigned because the writ of seizure was made returnable to the fourth Monday of March, 1924, instead of the third Monday, which was the first day of court. The judgment was not taken until after the fourth Monday on April 1st. So the defendants cannot be said to have been prejudiced by this. This was a mere irregularity and could have been cured by amendment. 21 R. C. L. 1267.

In *Howard* v. *Hopson,* 101 So. 364, the summons was made returnable to a past due date, and so, of course, the defendant could not plead. This was the case also in *Kelly* v. *Harrison,* 69 Miss. 860, 12 So. 261. In *Sweatman* v. *Dean,* 86 Miss. 641, 647, 38 So. 231, the court says: "The decree of sale in that cause recites 'that all parties interested in said lands are made parties to this proceeding by proper process duly served.' Such a recital in a decree was in *Cocks* v. *Simmons,* 57 Miss. 183, in an opinion by GEORGE, C. J., held conclusive of the jurisdiction of the court."

The decree sought to be impeached was rendered at a much later date than the return day, and during the fourth week of the term. At the most, this was a mere irregularity, amendable if attention had been called to it, and, if not amended presenting only the question of error or no error on direct appeal from the decree rendered by the court, but not affecting its validity in a collateral attack. *Kelly* v. *Harrison,* 69 Miss. 856, 12 So. 261; *Kaufman* v. *Sampson,* 9 Ind. 520; *Rigsbee* v. *Bowler,* 17 Ind. 167.

The judgment recites personal service of process for more than thirty days before return day, etc., failure to file a plea, and the assessment of the value of the auto. The defendants were commanded to restore the auto,

or pay its assessed value and to pay damages for its wrongful detention, as found by the jury, in the sum of seven hundred dollars. According to this judgment the defendants could pay the value of the auto, one thousand forty-five dollars and forty-six cents, or they could restore the auto and pay the damages for the wrongful detention, which it is to be supposed.was for its deterioration while in the possession and use of the defendants. There is no bill of exceptions, and the evidence is not set out. It must be presumed that there was evidence on which the jury and the court acted. The judgment recites that the damages were assessed by the jury, and they must have had evidence on which to act. The bill of exceptions setting out the evidence is no part of the record; and, if the defendants did not care to attend the trial and have a bill of exceptions, it was their own fault. *Cason* v. *Cason,* 2 Ga. 587; *Cannon* v. *Cooper,* 10 Ga. 784; *Pollock* v. *Buie,* 43 Miss. 140; George's Digest, 438; *Pearson* v. *Kendrick,* 74 Miss. 235. The damages were properly assessed. *Austin Machinery Co.* v. *Clark-Hunt Contracting Co.,* 103 So. 1.

Counsel for appellants says that the bond was given under section 153, Hemingway's Code. This is a mistake. That section provides for a bond to discharge the attachment, and is conditioned to pay the debt. This bond was given under section 144, Hemingway's Code, and is for the forthcoming of the property.

On the whole, here is a case where the defendants were summoned by personal service of process, gave bond for the forthcoming of this property; but did not care enough about the case to attend the court and defend. We respectfully submit that the case should be affirmed.

Argued orally by *J. L. Williams,* for appellant, and *H. C. Mounger* and *R. J. Petty, Jr.,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The Meyer-Kiser Corporation sued out a writ of seizure against the appellant T. F. Willsford for the sum

of nine hundred and seventy-one dollars, amount due on purchase money of an automobile, making the notes evidencing the balance of the purchase money exhibits to the petition. A writ of seizure was made returnable on the fourth Monday of March, 1924, of the circuit court. The defendant gave bond for the forthcoming of the property seized, under section 151, Code of 1906 (Hemingway's Code, section 143).

The regular term of the circuit court in March, 1924, began on the third Monday in March, instead of the fourth Monday thereof. On the 26th of March, 1924, that being Wednesday of the second week of the term, an order was entered continuing the case. Afterwards, a motion was filed by the plaintiff to set aside the order continuing the case, on the ground that the order was erroneously entered, and on March 31, 1924, the court sustained the said motion and set aside the said order continuing the case. It does not appear that the defendant was in court when the order was made or when the motion was filed, and there is no showing that he was served with notice to set aside the order of continuance. Thereafter a judgment of default was entered against the defendant and the sureties on the forthcoming bond, in which it is recited that the defendant failed to appear or to file a plea in said case, and that it is adjudged that the defendant T. F. Willsford and the sureties on his bond, naming them, restore said automobile, a Buick sedan model 23/41, to the plaintiff, or pay it, the plaintiff, the value thereof, to-wit, one thousand forty-five dollars and forty-six cents; and it is further ordered and adjudged that the plaintiff, Meyer-Kiser Corporation, do have and recover of the defendant Willsford and the sureties on his bond, naming them, the sum of seven hundred dollars damages assessed in this case by verdict of the jury on a writ of inquiry for damages to said automobile by the wrongful detention thereof by the defendant, and all costs.

Prior to the rendition of this judgment there had been a motion for a writ of inquiry to assess the value of the

automobile in controversy, and a peremptory instruction
to the jury that the jury find a verdict for the plaintiff
and assess his damages at seven hundred dollars.   There
is a certificate of the official stenographer of the circuit
court district that such stenographer took down all the
evidence in shorthand in all cases tried in said court
during said term, and that no evidence was taken down
by said stenographer in said above styled case, in which a
judgment was rendered on the 31st day of March, 1924.

The defendant and the sureties on the forthcoming
bond have appealed from the judgment rendered, and
have attacked the proceedings, first because the summons
was not made returnable to the first day of the term, and
it was error for the court at that term to render a judg-
ment by default, and also because the case was continued
and afterwards taken up during the term and disposed
of, and for the further reason that the judgment ren-
dered was for the sum demanded in the petition for writ
of seizure, and the automobile was valued at the sum
named in the said writ, and that the court, in addition
to such judgment, rendered a judgment for seven hun-
dred dollars damages, which was unauthorized by the con-
ditions of the bond given.

In *Howard Lumber Co.* v. *Hopson* (Miss.), 101 So. 363,
it was held that it was prejudicial error, reviewable on
appeal, to render a judgment on process returnable to
a past date, and that the purpose of the law requiring it
to be returned to the first day of the term was discussed.
At page 364, 101 So., the court said:

"The summons in this case being merely erroneous
the question is whether or not the error complained of
was harmful to appellant.   If it was, appellant is en-
titled to a reversal and a new trial; if it was not, the
judgment appealed from should be affirmed.   The ques-
tion seems easy of solution when we keep in mind the
office of a summons for a defendant.   The purpose is to
get jurisdiction of the person of the defendant, and to
inform him when and in what court he is to appear and
make defense to the cause.   The statute prescribes the

manner in which this shall be done. It is by a summons returnable on the first day of a future term of the court to be executed at least five days before the return day thereof. Concede that all persons are affected with notice when the regular terms of court are held, and concede, for the purpose of the argument, that all persons are affected with notice when special terms are to be held. Nevertheless, it was plainly the purpose of the statute that defendants summoned into court should not rely on such knowledge. Appellant had a summons commanding him to appear on a past date. Certainly the situation was calculated to confuse him and mislead him, especially if appellant was without actual knowledge when they were held. There is nothng in the record to show whether appellant was actually misled or not, except the fact that it failed to appear at the next term of the court, and, on account of such failure, judgment by default was rendered. There was such an error in the proceedings as was calculated to mislead appellant and may have done so. In other words, it was an error that denied appellant a substantial right, namely, to be served with the summons as required by the statute, returnable to the first day of a term of court to be held in the future.''

We think the effect of the summons being returnable later than the first day of the term was to make the said case triable at the succeeding term. It is true the judgment would not be subject to collateral attack, but the defendant had a right to assume that the case would be triable at the term contemplated next after the return day, and the error here made is one correctable by appeal. It is in no sense a collateral attack.

In the second place, we think, when the court entered the order on the minutes continuing the case, that the defendant and the sureties had a right to act thereon, and to depart from the court until the next term, unless they were served notice of the motion to set aside such continuance, which appears not to have been done. And, third, it was error to enter the judgment against the

sureties on the forthcoming bond for the full demand of the petition and also for seven hundred dollar damages. The condition of the bond was to have the property forthcoming, and to satisfy the judgment, or to return the property. The judgment here rendered was, in effect, to increase the demand of the plaintiff above the total sum demanded. There is nothing in the record to show that the automobile was of less value than the sum demanded as being due thereon.

The judgment will be reversed and the case remanded.

*Reversed and remanded.*