LOVING *v*. FIRST NAT. BANK OF WEST POINT.

(Division A.   January 21, 1935.)

[158 So. 908.   No. 31533.]

Loving & Loving, of Columbus, and **W. G. Roberds**, of West Point, for appellant.

**McClellan & Tubb**, of West Point, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment by default, rendered at a regular term of the court which convened on the third Monday in January, 1934. The summons for the defendant, the appellant here, was issued on the 5th day of December, 1933, and commanded the defendant to ''appear before the circuit court of Clay county, . . . on the third Monday in January 192 34.'' The return of the sheriff was filed on the 5th day of December, 1933, and recited personal service thereof on the defendant ''this 5th day of Nov., 1933.'' When the case came on to be heard, the appellee orally requested the court to permit an amendment of the sheriff's return on the summons by erasing the word ''November'' and substituting the word ''December'' therefor. This motion was sustained on the sheriff's admitting that he served the summons on the 5th day of December, and the amendment was made accordingly without notice thereof to the defendant.

Among the errors assigned are: (1) That the summons being returnable to an impossible date is void; and (2) the amendment of the sheriff's return on the summons without notice to the defendant. Though the defect in the return date of the summons might not avoid the judgment in a collateral attack thereon, as to which we express no opinion, it is reviewable in a direct appeal. Kelly v. Harrison, 69 Miss. 856, 12 So. 261; Howard

Lumber Co. v. Hopson, 136 Miss. 237, 101 So. 363; Willsford v. Meyer-Kiser Corp., 139 Miss. 387, 104 So. 293; Jenne v. Davis, 152 Miss. 4, 119 So. 911. The summons was not only returnable to a day after that on which the judgment by default was rendered (Willsford v. Meyer-Kiser Corporation, supra), but was, in fact, returnable to a practically impossible date (Howard Lumber Co. v. Hopson and Jenne v. Davis, supra), and therefore void unless we can hold, as suggested by the appellee, that the error in the date to which the summons was returnable was a manifest clerical error of such character that no prudent person should have been misled thereby, and therefore no harm legally resulted to the appellant therefrom.

It is said by counsel for the appellee that the clerk in issuing the summons used a printed form wherein the figures ''192'' were printed with a blank for the insertion of other figures. This fact does not appear in the transcript of the summons, but we will assume, without waiting to inspect the original of the summons, that this statement of counsel is correct. Nevertheless, we must hold the summons defective and insufficient to support the judgment on an appeal therefrom. There is no other recital in the summons conflicting with the date of the return thereof or in any way indicating any clerical error therein. In Howard Lumber Co. v. Hopson, supra, the court could have said probably with as much reason as here that the defect in the summons was a mere clerical error by which the defendant was not legally harmed; but it declined to so hold, as will definitely appear from the dissenting opinion therein.

Since the judgment must be reversed because of the defect in the return day of the summons, it will not be necessary for us to consider the amendment of the defective return of the sheriff.

Reversed and remanded.