WATKINS MACHINE & FOUNDRY COMPANY v. CINCINNATI RUBBER MANUFACTURING COMPANY.

[52 South. 629.]

CORPORATIONS. *Process. Service. Return.*

> Under Code 1906, § 3932, providing that a summons against a corporation may be served on designated officers of the defendant, a return of service on an individual without showing him to be in any way connected with the corporation is insufficient to support a judgment by default, and the court cannot go outside of the record to ascertain what connection, if any, he had with the defendant.

FROM the circuit court of Forrest county.

HON. WILLIAM H. COOK, Judge.

The Cincinnati, etc., Company, appellee, was plaintiff in the court below; the Watkins, etc., Company was defendant there. From a default judgment in plaintiff's favor defendant appealed to the circuit court. The facts as stated by ANDERSON, J., were as follows:

The appellee, Cincinnati Rubber Manufacturing Company, sued appellant, Watkins Machine & Foundry Company, in the circuit court of Forrest county, on an account for goods, wares, and merchandise, sold appellant by appellee, and recovered a judgment by default at the return term of the court on a summons returned as follows: "I have this day executed

the within writ personally by delivering to the within named R. L. Bennett, for Watkins Machine & Foundry Co., a true copy of this writ. This 20th day of October, 1909. J. C. Magruder, Sheriff." The Watkins Machine & Foundry Company is a Mississippi corporation. There is nothing in the record to show what connection, if any, R. L. Bennett had with the Watkins Machine & Foundry Company.

*Sullivan & Tally,* for appellant.

There is nothing in the declaration, or the exhibit attached to it, or the summons, or anywhere else in the record to show that Bennett had any connection whatever with the defendant, the Watkins Machine & Foundry Company.

Code 1906, § 3932, provides how process shall be served when a corporation is the defendant. According to this section, the process may be served on the president, or other head of the corporation; upon the cashier, secretary, treasurer, clerk, or agent of the corporation. Inasmuch as such a process can only be served on a corporation by serving it upon someone who stands for the corporation; it must appear somewhere in the record who that person was. What relation such person bears to the corporation should always appear in the return. In the case at bar, the record will be searched in vain for information as to what R. L. Bennett was. The sheriff might as well have returned that he served the process on John Doe or Richard Roe for the Watkins Machine & Foundry Company, as to have returned that he served it on R. L. Bennett for the Watkins Machine & Foundry Company. A judgment by default on a return of service showing that a copy of the summons was delivered to John Doe, or Richard Roe, would have been as valid as this judgment rendered on the return in this case. What is R. L. Bennett? Is he president, cashier, secretary, treasurer, clerk, or agent of the Watkins Machine & Foundry Company, or did he represent it at all? This ques-

tion can never be answered from the record in this case, and we submit that a judgment by default on such a return should be reversed. We call the court's attention to the following authorities: See the following authority from Century Digest, vol. 40, § 89, paragraphs A and B, column 2614:

"(a) (Cal. 1853). A defendant is not bound by the service of a writ upon a person with whom there is no evidence to connect him. *Adams v. Town,* 3 Cal. 247.

(b) (La. 1871). Service of citation on a third party, not shown to be the defendant's agent at the time is void. *Jones v. Jones,* 23 La. Ann. 304.

In 6 Thompson's Commentaries on the law of corporations, sec. 7545, it is said that the form and substance of the return of the officer who serves the writ is of extreme importance, because it is in the nature of the record and can not be averred against, except in certain cases. The test of a good return is a literal compliance with the statute."

*McWillie & Thompson* and *Hannah & Cook,* for appellee.

The defect in the service of process complained of in the above cause was one easily remediable at the time of the entry of the judgment by default. It was doubtless made known to the court that Bennett was as a matter of fact the agent of the defendant, the Watkins Machine & Foundry Company. At all events we have a right to assume such to have been the case for the judgment recites that it appeared to the court that the defendant had been duly and personally served with process in time to entitle the plaintiff to a judgment by default at the term of court in progress. This recital of the judgment of personal service upon the defendant is to be taken as true in the absence of all showing to the contrary and we are uninformed by the record that there is any reason to doubt the representative character of Bennett which must have been made to appear to the court to justify its recital that the summons had been

duly served.   The judgment followed sometime after the re-
turn of service and was the last step taken in the cause by the
lower court.   It should be observed that we are not now con-
sidering a judgment rendered by a court of special and limited
authority where every fact necessary to sustain the jurisdic-
tion of the court must appear but one of full original jurisdic-
tion over the subject matter in controversy.   The court below
not only exercised jurisdiction but adjudicated the existence
of the fact as to personal service upon the defendant
necessary to give it jurisdiction.   We submit that upon the
record, indulging the proper presumption in favor of the valid-
ity of the judgment, it should be affirmed on this appeal.
*Miller v. Ewing,* 8 Smed. & M. 421; *Wright v. Weissinger,*
5 Smed. & M. 210.

* In the case last cited it was decided that the recital in the
judgment of the appearance of the defendant by attorney can
only be attacked for fraud.

The presumption of law in favor of the correctness of the
judgments and decrees of courts of general jurisdiction ap-
plies as well to judgments and orders adjudicating jur·sdic-
tional facts as to other matters.   It has been held that if the rec-
ord shows that the court did adjudge that the fact existed the ex-
istence of which was essential to the court's sustaining juris-
diction over a party, the record is conclusive in every collateral
proceeding in which the validity of the judgment may be im-
peached.   *Cannon v. Cooper,* 39 Miss. 784.   While this de-
cision relates to the effect of such a recital in a collateral pro-
ceeding we take it that the recital is certainly *prima facie* suffi-
cient in the absence of any showing that it was not justified
by the actual state of the case.   See, also, *Crawford v. Redus,*
54 Miss. 700.

On a motion to vacate a judgment by default this court in
sustaining the action of the lower court in overruling the
motion held that one sued and summoned by a wrong name

but who was apprised by the summons that he was in fact the person sued, is bound by the judgment though not against him by his true name and that this rule applies to a corporation. *Alabama, etc., Ry. Co. v. Bowling,* 69 Miss. 255.

It has been held elsewhere that on appeal the court will presume, until the contrary appears, that there was sufficient proof in the lower court that the person on whom the service was made in a suit against the corporation entertained a relation to the corporation authorizing such service. *San Antonio, etc., R. Co. v. Wells,* 3 Tex. Civ. App. 307; *Wartrace v. Wartrace, etc., Turnpike Co.,* 2 Coldw. (Tenn.) 515.

It does not seem to consist with the efficiency of the law to set aside a judgment at the instance of a defendant corporation because the sheriff's return does not show the relation that was borne to the corporation by the person served for the corporation when there is no denial by the corporation that he was its agent or representative. If Bennett was in point of fact the agent of the defendant, as the sheriff was manifestly treating him in his return, it would be in disparagement of justice to set aside the judgment simply because the sheriff omitted the word "agent" from his return showing how he served the summons, and the defendant should not be heard to attack the judgment without denying Bennett's representative character.

The defendant is not remediless if it be true that Bennett was not its agent, for in such case on a bill in equity setting up the fact the judgment would be annulled, even after an affirmance by this court.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

The judgment of the court below was erroneous. Section 3932, Code 1906, prescribes the manner in which process shall be served on a corporation defendant, which may be in one of

several ways, namely: "On the president or other head of the corporation, upon the cashier, secretary, treasurer, clerk, or agent of the corporation, or upon any one of the directors of such corporation," etc. It is true the judgment recites that the defendant had been duly and legally served with process; and it is insisted that the presumption will be indulged in, from this recital in the judgment, that the court satisfied itself in some legal way that Bennett was one of the officers or agents of the company on whom process could be served under the statute. This contention is not sound. The judgment is based on the facts as they appear in the record. There is no authority of law for the court to go outside of the record to ascertain Bennett's connection with the corporation. There was no issue before the court on which testimony could be taken to so ascertain. The finding in the judgment that the process was legally served was an erroneous conception of the law by the court, based on the record as made.

This is not a collateral attack on this judgment. It is a direct attack by appeal, which is the proper manner to avail of irregularities and errors like the one here complained of. *Alabama, etc., Ry. Co. v. Bolding,* 69 Miss. 255, 13 South. 844, 30 Am. St. Rep. 541.

*Reversed and remanded.*