## H. LUPKIN & SONS *v.* RUSSELL.

[67 South. 185.]

1. APPEAL AND ERROR. *Proceedings. Continuance. Process. Return. Amendment after judgment. Effect of transfer. Correction of sheriff's return. Questions reviewable. Refusal to amend sheriff's return.*

When the supreme court has passed the call of the docket of the district from which a case comes, such case stands continued until the call of the docket for that district is again reached at the next term of the court, and a party desiring to correct the record may do so during the interim.

2. PROCESS. *Return. Amendment after judgment.*

When process was in fact legally served, and the court thereby acquired jurisdiction of the defendant "but the return of the officer or other proof of service fails to show that fact, or is otherwise irregular or defective, it may be amended after judgment" provided the amendment will not have the effect of invalidating an otherwise valid judgment.

3. SAME.

Even after an appeal has been taken from the judgment of the lower court, the lower court may correct the return of service, so as to show there was a valid service of process, and such amendment will be considered by the appellate court when certified to it.

4. APPEAL AND ERROR.    *Questions reviewable.    Refusal to amend sheriff's return.*
.The supreme court will review the action of the lower court in refusing to.permit an amendment of a sheriff's return of process, to show that service was not made on Sunday, whether or not the rule of the common law, "that the refusal of the lower court to permit an amendment of this character to be made is not subject to review on appeal" has been modified by section 775, Code 1906.

APPEAL from the circuit court of Coahoma county.

HON. W. A. ALCORN, Jr., Judge.

Suit by Percy B. Russell against H. Lupkin & Sons, judgment for plaintiff and defendant appeals. Thereafter, plaintiff's motion for leave to amend the sheriff's return of service of process having been overruled, plaintiff applied for a writ of *certiorari*, order reversed, and the cause with respect to the motion remanded.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes* and *Maynard & Fitzgerald*, for appellants.

*Cutrer & Johnston* and *Jas. R. McDowell*, for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment by default, and one of the assignments of error is that:

"It appears from the returns of the sheriff on the summons issued in said cause that the same was served on August 25, 1912, which was on Sunday and was an illegal day for the service of the summons, and the judgment rendered thereon was void."

After the filing of this assignment of error, appellee filed a motion alleging that the return of the sheriff on this summons was erroneous, for the reason that it was in fact served on a day other than Sunday, and praying

that the cause be postponed to a later day, so that this error could be corrected in the court below.

It will not now be necessary for us to postpone the hearing of this cause, for the reason that we have passed the call of the docket of the district from which it comes, and therefore the cause stands continued until the call of the docket for that district is again reached at the next term of this court.

Since the filing of the motion to postpone above referred to, a motion for permission to the sheriff to amend the return on the summons to accord with the alleged facts of the service thereof has been disposed of in the court below adversely to appellee. After this motion to amend was overruled in the court below, appellee filed another motion in this court, requesting the issuance of a writ of *certiorari* directing the clerk of the court below to send up the record of the proceedings on the motion to amend. A certified copy of this record, however, has now been filed with the clerk of this court, so that the issuance of such a writ is now unnecessary.

It appears from this record that the motion to amend was overruled on the ground that the court below was without jurisdiction to grant the relief prayed for, the recital in the order overruling it being as follows:

"The court having heard the evidence adduced by the plaintiff in support of said motion, and being thereof sufficiently advised, but being in doubt as to the jurisdiction of this court to order an amendment of the said return, because there is an appeal pending from the judgment rendered herein in the supreme court, it is therefor ordered that the said motion be and the same is hereby overruled."

An examination of the authorities hereinafter cited will disclose that the rule governing the matter here in question is this: That where the process was in fact legally served, and the court thereby acquired jurisdiction of the defendant, "but the return of the officer or

other proof of service fails to show that fact, or is otherwise irregular or defective, it may be amended after judgment," provided the amendment will not have the effect of invalidating an otherwise valid judgment. 23 Cyc. 872, and authorities cited in note 48; 1 Freeman on Judgments (4th Ed.) Section 89b; note to *Malone* v. *Samuel,* 13 Am. Dec. 172. The cases of *Dorsey* v. *Peirce,* 5 How. 173, and *Hughes* v. *Lapice,* 5 Smedes & M. 451, are in harmony with the rule as here announced, for the reason that each of them comes within the exception or proviso thereto. In *Planters' Bank* v. *Walker,* 3 Smedes & M. 409, the amendment under consideration was sought to be made before judgment, and the court in the course of its opinion, after referring to the fact that it had been held in *Dorsey* v. *Peirce, supra,* that an amendment of this character cannot be made after judgment, stated that the reason this cannot be done is "that it would cause a reversal and seriously affect rights acquired under it." Such an amendment can be made even after an appeal has been taken from the judgment rendered, and when certified to the appellate court will be considered by it in disposing of the cause. 1 Freeman on Judgments (4th Ed.), section 89b; *Hefflin* v. *McMinn,* 2 Stew. (Ala.) 492, 20 Am. Dec. 58; *Talcott* v. *Rosenberg,* 8 Abb. Prac. N. Y. (N. S.) 287; *Borrego* v. *Territory,* 8 N. M. 446, 46 Pac. 361; *Gonzales* v. *Cunningham,* 164 U. S. 613, 17 Sup. Ct. 182, 41 L. Ed. 572.

The cases of *Meyer Bros.* v. *Whitehead,* 62 Miss. 387, and *Kelly* v. *Harrison,* 69 Miss. 856, 12 So. 261, are not here in point, for the question in those cases was not whether a sheriff should be permitted to amend his return on the process, but whether or not judgments by default should be vacated because rendered upon returns of service of process shown to be false.

It follows from the foregoing views that the court below was in error in holding that it was without jurisdiction to grant the relief prayed for.

Whether or not the rule of the common law that the refusal of the lower court to permit an amendment of this character to be made is not subject to review on appeal has been modified by section 775 of the Code, is not now before us, and we express no opinion relative thereto, for the reason that the court below did not decide the controversy on its merits, but overruled the motion on the ground that it was without jurisdiction to grant the relief prayed for. *Avery* v. *Bowman,* 39 N. H. 393; note to *Malone* v. *Samuel,* 13 Am. Dec. 175.

The order overruling the motion for leave to amend is reversed, and the cause, in so far as the proceedings therein under this motion are concerned, will be remanded to the court below.

*Reversed and remanded.*