362 So.2d 625 (1978)
Joe W. TAYLOR and Vivian Taylor
v.
F. & C. CONTRACTING COMPANY, INC.
No. 50501.
Supreme Court of Mississippi.
September 6, 1978.
Johnson & Adams, David E. Adams, Senatobia, for appellants.
Troutt & Moore, Nat G. Troutt, Senatobia, for appellee.
*626 Before SMITH, BROOM and LEE, JJ.
LEE, Justice, for the Court:
This appeal is by Joe W. Taylor and Vivian Taylor, husband and wife, from a judgment of the Tate County Circuit Court in favor of F. & C. Contracting Company, Inc., setting aside a default judgment for the Taylors in the amount of fifty-four thousand four hundred thirteen dollars seventy cents ($54,413.70). They contend that the trial court erred in setting aside the default judgment.
On September 29, 1976, appellants filed suit against appellee seeking damages for personal injuries alleged to have been sustained by Taylor and loss of consortium alleged to have been incurred by his wife. The declaration charged that Sue Heard was appellee's registered agent for service of process. The circuit clerk issued process directed to the Sheriff of DeSoto County commanding him to summon "Sue Heard, 1308 State Line Road, Southhaven, Mississippi, agent for service of process for F. & C. Contracting Company, Inc. to appear before the Circuit Court of Tate County on the fourth Monday of October, 1976, to answer the complaint filed against them in said court by Joe W. Taylor and Vivian Taylor, Plaintiffs, in Cause No. 3569, wherein the said F. & C. Contracting Company, Inc. is the defendant." The summons was executed and the sheriff's return follows:
"SHERIFF'S RETURN
I have this day executed the within writ personally by delivering to the within-named defendant Sue Heard a true copy of this writ, this the 4th day of October, A.D., 1976.
 /s/ Harvey Hamilton Sheriff
 By /s/ Leland Quarles Deputy"
The record reflects that Mrs. Heard placed the summons with other papers and failed to notify appellee about it. No answer or pleading was filed by appellee, and on the 28th day of October, 1976, the trial court sustained appellants' motion for default judgment and entered an interlocutory judgment. On the same date, a writ of inquiry was issued to the trial judge to determine damages arising from the automobile accident. Final judgment was entered in favor of the appellants in the aggregate amount of $54,413.70 on November 3, 1976.
On November 6, 1976 (after court adjourned) Sue Heard informed appellee that she had received the summons. Thereafter, on November 30, 1976, appellee filed a motion to set aside the default judgment on the grounds that the judgment was void because (1) of defective process, (2) the declaration failed to state a cause of action, and (3) the declaration failed to charge and demand damages for permanent injury, pain and suffering, medical bills and loss of companionship.
At the hearing, appellants introduced Deputy Sheriff Leland Quarles, who executed the writ, to indicate the facts surrounding service of the summons on Sue Heard, and moved the court to permit an amendment of the return to show that it was served on Sue Heard, agent for process of F. & C. Contracting Company, Inc. The court entered judgment December 11, 1976, setting aside the interlocutory and final judgments on the ground that the judgments were void because the process (return) was defective. The court denied appellants' request to amend the return and overruled all other grounds stated in the motion to set aside the default judgment.
Appellants argue that (1) the Circuit Court of Tate County acquired jurisdiction of the defendant, (2) the sheriff's return was entitled to be amended, and (3) the lower court should have overruled the motion to vacate the default judgment.
In Watkins Machine & Foundry Co. v. Cincinnati Rubber Mfg. Co., 96 Miss. 610, 52 So. 629 (1910), it was held that the court is bound by what appears in the record to ascertain whether a person served with process is an agent of a corporation. In that case, the return was as follows:
"I have this day executed the within writ personally by delivering to the within named R.L. Bennett, for Watkins Machine and Foundry Co., a true copy of this *627 writ. This 20th day of October, 1909. J.C. Magruder, Sheriff." 96 Miss. at 610-611, 52 So. at 629.
The record in Watkins failed to show the relationship of R.L. Bennett to the defendant corporation and the default judgment entered was void.
In First Jackson Securities Corp. v. B.F. Goodrich Co., 253 Miss. 519, 176 So.2d 272 (1965), the deputy sheriff executed process by service upon Mrs. Judith Ferguson, Secretary. The record indicated that Mrs. Ferguson was not secretary of the corporation, but was a mere clerical employee who had no authority in the corporation. The Court held that such service did not sufficiently give notice of the pending suit and the judgment was void.
The declaration charges, and the record shows, in the present case that Sue Heard was the agent for service of process of F. & C. Contracting Company, Inc. The summons was directed to Sue Heard, agent for service of process of said company, and the return indicates that the process was delivered personally to her. Therefore, the Circuit Court of Tate County acquired jurisdiction of the cause.
The next question is whether or not the trial court should have permitted appellants to amend the return to show that it was executed personally on F. & C. Contracting Company, Inc. by delivering a true copy of same to Sue Heard, agent for service of process. Mississippi Code Annotated Section 13-3-87 (1972) provides:
"The return of the officer serving any process may, in the same action, be shown to be untrue by either of the parties, but the officer himself shall not be permitted to question its truth."
In H. Lupkin & Sons v. Russell, 108 Miss. 742, 67 So. 185 (1914), a motion was filed to amend the return of process after an appeal to the Supreme Court had been perfected and the Court held:
"[T]he rule governing the matter here in question is this: That where the process was in fact legally served, and the court thereby acquired jurisdiction of the defendant, `but the return of the officer or other proof of service fails to show that fact, or is otherwise irregular or defective, it may be amended after judgment,' ..." 108 Miss. at 744-745, 67 So. at 186.
We conclude that the testimony of Deputy Sheriff Quarles was competent to amend his return for the purpose of showing that it was delivered to Sue Heard, agent for service of process of F. & C. Contracting Company, Inc., particularly so since the command of the summons was to serve her in that capacity. Such an amendment is a ministerial act and is not violative of the above section. It simply shows the fact of legal service and corrects an irregularity or defect.
There is no cross-appeal to the action of the trial judge in overruling the motion to set aside the default judgment on the ground that it was void because of inadequacies and insufficiencies in the declaration. However, since he held the default judgment to be void, we look to the record for the purpose of determining whether or not it is void. The declaration charged:
"6. That at the time of said accident, the Plaintiff, Joe W. Taylor, was fifty-eight (58) years of age and in general good health. That he was able and did carry on many vigorous activities required of him in his official capacity as Sheriff of Tate County, Mississippi, and also to carry on other vigorous activities both in work and recreation. That at the time of said accident, the Plaintiff, Joe W. Taylor, suffered from a mild arthritic condition and that said accident has caused this arthritic condition to become greatly inflamed and aggravated, and as a result thereof, the Plaintiff, Joe W. Taylor, has suffered great pain and inconvenience.
7. That the Plaintiff, Vivian Taylor, is and was on the date of said accident, the wife of said Plaintiff, Joe W. Taylor. That the Plaintiff, Vivian Taylor, was looking forward with her husband to January of 1976, when the Plaintiff, Joe W. Taylor's term as Sheriff of Tate County, *628 Mississippi, would expire and the Plaintiffs were looking forward with great expectation to the enjoyment of their retirement years. That the Plaintiffs often fished and camped together and after retirement were planning on fishing and camping together a great deal of the time. That as a result of the pain and loss of mobility incurred from said accident by the said Joe W. Taylor, the Plaintiffs have been unable to enjoy their retirement years and do the things that they had intended to do. That the Plaintiff, Vivian Taylor, as a direct and proximate result of said accident, has suffered great mental anguish and should be awarded damages for the loss of consortium of her husband, Joe W. Taylor."
The declaration did not charge that Joe W. Taylor suffered permanent injuries, but only that he "has suffered great pain and inconvenience," and there was no charge that he had incurred medical bills. As to Mrs. Taylor, the declaration simply stated that plaintiffs were unable to enjoy their retirement and could not fish and camp as a result of pain incurred by Taylor. The record reflects that Taylor was the only witness to testify in the case and his testimony was not taken by a court reporter. There is no record of medical evidence and no evidence as to damages sustained by Mrs. Taylor.
The final judgment awarded damages in the total sum of $54,413.70, divided in the following amounts: (1) $25,000 damages as a result of the immediate injuries received by the plaintiff, and the intense pain and suffering of the plaintiff for approximately the first three months after the accident; (2) $25,000 damages for the permanent injuries and lasting pain and suffering received by the plaintiff, Joe W. Taylor; (3) $3,000 damages for loss of consortium to the plaintiff Vivian Taylor; and (4) $1,413.70 damages incurred by the plaintiff for medical bills. The judgment then ordered that the plaintiffs recover of and from the defendant the sum of $54,413.70 as damages in the cause.
It is obvious from a review of the record that the judgment was void for the reason that it awarded damages that were not charged or demanded in the declaration and it is vague and speculative. The allegations and prayer of a bill of complaint must be sufficient to support the decree. Eastlawn Development Co. v. Wells, 311 So.2d 334 (Miss. 1975).
In Smith v. Deas, 158 Miss. 111, 130 So. 105 (1930), the Court said: "Where, on the face of the bill, no cause of action is stated in favor of the plaintiff or complainant, a judgment in favor of the plaintiff or complainant may not be allowed to stand." 156 Miss. at 115, 130 So. at 106.
The Court also stated the rule in Carrier Lumber & Mfg. Co. v. Quitman Co., 156 Miss. 396, 124 So. 437, 125 So. 416 (1929): "[T]he rule being that, where on the face of the pleadings no cause of action is stated in behalf of plaintiff, no judgment in favor of plaintiff can be allowed to stand, ..." 156 Miss. at 403, 124 So. at 438.
In Huffman v. Griffin, 337 So.2d 715 (Miss. 1976) the Court said: "The rule in this state is that a trial court will be affirmed if it reaches the right conclusion although the wrong reason is assigned." 337 So.2d at 723.
The Court said in Texas Gas Transmission Corp. v. City of Greenville, 242 So.2d 686 (Miss. 1970): "In a case where it is apparent that the decree is supported by the record, this Court will affirm although our conclusions are based on other reasons than those considered by the trial court." 242 So.2d at 689-690.
If the action of the trial judge can be upheld for any reason, we must affirm. Chatham v. Johnson, 195 So.2d 62 (Miss. 1967). Since the trial court reached the correct conclusion, though for the wrong reason, the judgment is affirmed.
AFFIRMED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.