**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Otis JACKSON, Defendant-Appellant.**

**No. 12503.**

Missouri Court of Appeals,
Southern District,
Division Three.

June 15, 1982.

Blair Buckley, Jr., Public Defender, Caruthersville, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

BILLINGS, Presiding Judge.

Defendant Otis Jackson was tried and convicted of escape from confinement by means of a dangerous instrument, a class A felony under § 575.210, RSMo 1978, and sentenced to 20 years imprisonment.[1] He contends it was plain error for the trial court to permit him to represent himself at trial because he called a defense witness who "destroyed [his] opportunity to raise a defense of duress." We affirm.

As noted, the defendant seeks plain error review under Rule 29.12(b), V.A.M.R., because his present contention was not preserved at trial and not mentioned in his motion for a new trial. Counsel for defendant, with due candor, acknowledges his search of the record fails to reveal error which rises to the level of manifest injustice, but, nevertheless, requests we consider limiting a trial court's discretion to allow a defendant to represent himself.[2]

Defendant's averment in this appeal paints with too broad a brush. He was, in fact, represented throughout his trial by the public defender. At defendant's request, and after being duly warned by the trial court of the perils and hazards of self-representation and consultation with his attorney, he undertook the direct examination of two witnesses called as a part of his defense. On cross-examination of one of the witnesses, defendant's accomplice in their escape from the New Madrid County jail, the witness stated he never threatened defendant with a gun at the jail and that defendant was the one that fired at pursuing Missouri State Highway troopers.[3]

"He who is his own lawyer has a fool for a client." Proverb. Defendant cannot convict the trial court of error, plain or otherwise, in his decision to call and examine his accomplice as a witness.

Defendant's appeal is wholly without merit and the judgment is affirmed.

MAUS, C. J., and FLANIGAN and PREWITT, JJ., concur.

---

1. The sentence was ordered to be consecutive to consecutive sentences totalling 52 years entered in *State v. Jackson*, 635 S.W.2d 495, following defendant's convictions for burglary in the first degree, robbery in the first degree, assault in the first degree, and findings that defendant was a persistent offender.

2. For cases dealing with self-representation, hybrid representation, and dual representation, see *State v. Edwards*, 592 S.W.2d 308 (Mo.App. 1979), by then Chief Judge Flanigan of this court.

3. Duress is an affirmative defense. Section 562.071, RSMo 1978. Defendant did not raise duress as a defense and offered no evidence in support thereof. Defendant elected not to testify. The jury's verdict was returned after twenty minutes of deliberation.