475 So.2d 1149 (1985)
W.H. HOPPER AND ASSOCIATES, INC. and Maryland Casualty Company
v.
DeSOTO COUNTY, Mississippi.
No. 55001.
Supreme Court of Mississippi.
September 4, 1985.
*1150 James W. Amos, Hernando, for appellants.
Joel P. Walker, Walker, Brown & Brown, Hernando, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:
This appeal arises out of a more than ten year old effort on the part of DeSoto County, Mississippi, to make a real estate developer pay its taxes. By virtue of the enactment of Senate Bill No. 1846, Laws of Mississippi, 1972, now codified in Miss. Code Ann. §§ 37-57-113, et seq., (Supp. 1984), the state has authorized imposition of a school building tax upon the construction and sale of new dwellings. As one engaged in the construction of new dwellings or apartments in DeSoto County from time to time, W.H. Hopper & Associates, Inc. was subject to the new tax and brought an action in the Chancery Court of DeSoto County, Mississippi challenging the constitutionality of the enforcement of the tax against it. That matter was ultimately presented to this Court which, via an opinion not designated for publication, upheld the constitutionality of the taxing enactment and rejected Hopper's appeal. See W.H. Hopper & Associates, Inc. v. McElroy, 385 So.2d 1305 (Miss. 1980).
On July 7, 1981  approximately a year following the termination of the constitutionality litigation, DeSoto County, Mississippi brought this action in the County Court of DeSoto County. The complaint named the Hopper corporation and Maryland Casualty Company, its surety, as defendants and sought recovery of school building taxes owed in the amount of $5,000.00 plus interest from March 12, 1974. Hopper[1] and its surety answered *1151 and in due course the matter was litigated before the County Court which on November 30, 1982, entered final judgment in favor of Hopper and Maryland Casualty and against DeSoto County on grounds that the County had failed to meet its burden of proof with respect to the taxes claimed to be owed.
Thereafter, DeSoto County perfected an appeal to the Circuit Court of DeSoto County which received written briefs and oral arguments from all parties. The Circuit Court held that the County Court had incorrectly placed the burden of proof on the County and thereupon reversed and entered judgment finally in favor of DeSoto County and against Hopper and its surety in the amount of $5,000.00 plus interest from March 17, 1974, plus costs. This order was entered May 6, 1983. The Hopper corporation now appeals to this Court.[2]
Miss. Code Ann. § 37-57-113 (Supp. 1984) empowers the board of supervisors of certain counties to impose an excise or transfer tax upon the sale or construction of all new family units with the proceeds of the tax to go for capital improvements of the public schools. By resolution the Board of Supervisors of DeSoto County imposed the tax.
In practice, DeSoto County offered persons subject to the tax two options with respect to time of payment. The taxpayer could pay at the time the building permit was obtained, or, if the taxpayer wished to defer payment, he could do so by filing a bond with a good and sufficient surety guaranteeing payment of the tax. This latter alternative allowed developers such as Hopper the convenience of not having to pay the tax until they completed the sale of the new dwelling units and actually got their sale proceeds in hand.
On March 12, 1974, the Hopper corporation filed with the County a school building tax payment bond in the amount of $5,000.00 with respect to which it was principal and Maryland Casualty Company was surety. The condition of the bond  which is of some significance in the determination of this action  is as follows:
THE CONDITION of the above obligation is such that the above bounden Principal constructs dwelling houses or apartments in DeSoto County from time to time, and as a result owes the tax imposed by DeSoto County on May 3, 1972 under authority of Senate Bill 1846, Laws of Mississippi of 1972, sometimes referred to as the School Building Tax, and the Principal has requested the privilege of the deferring payment of the tax until final inspection or occupancy of the dwelling unit, whichever occurs first, and the County has consented to the deferment provided the Principal make bond for the tax. This bond secures to the County all taxes, and penalties due by the Principal to the County under said law and is in the estimated maximum sum that will be due the County at any one time. In the event the Principal is found to owe more tax than covered by this Bond, the County may require an additional or supplemental bond, and in such case, the liability of the surety will be pro-rated with sureties on such other *1152 bonds. This Bond shall remain in effect until cancelled in writing, and the liability of the surety shall terminate when all taxes due at the time of cancellation have been paid.
DeSoto County has now called upon the Hopper corporation and its surety for payment of the $5,000.00 which payment has not only been declined but resisted mightily.
A few preliminary comments regarding the burden of proof are required. We have little if any authority directed to the point in a taxation context and, perhaps not surprisingly, the County and Circuit Judges differed regarding their understanding of the burden of proof in such cases.
In an action to recover taxes allegedly due and unpaid, any local taxing authority  a county, municipality, special taxing district, or whatever  shall have the burden of proof. Board of Supervisors of Warren County v. Craig, 29 So. 821 (Miss. 1901); 84 C.J.S. Taxation § 711, p. 1393. Before the taxing authority may recover judgment against the taxpayer, all factual prerequisites to the existence of the obligation on the part of the taxpayer to pay the tax must be proved by the taxing authority by a preponderance of the evidence. Put otherwise, the trier of the facts is required, before final judgment can be entered in favor of the taxing authority, to find by a preponderance of the evidence the existence of all facts prerequisite to imposition of the obligation to pay the tax.
In reviewing this matter, we note that the County Court correctly held that this burden of proof was incumbent upon DeSoto County as the plaintiff/taxing authority. That Court held that the evidence offered by the County was insufficient as a matter of law to sustain the County's burden of proof. The Circuit Court on appeal was required to review any such factual determinations under our familiar substantial evidence rule, and we are subject to a similarly limited scope of review as the matter now stands. Davis v. Clement, 468 So.2d 58, 62 (Miss. 1985); Dungan v. Dick Moore, Inc., 463 So.2d 1094, 1100 (Miss. 1985); Culbreath v. Johnson, 427 So.2d 705, 707-09 (Miss. 1983).
Realizing that we must consider the evidence in the light favorable to Hopper, we will review it.
In the constitutionality litigation, Hopper charged that he sold or constructed new family units which by virtue of the language of Section 37-57-113 were subject to imposition of the school building tax, assuming, of course, that imposition and collection of the tax could constitutionally be done. In other words, Hopper would have had no standing to bring the first suit had he not been one whose activities subjected him to the tax. Fondren v. State Tax Commission, 350 So.2d 1329 (Miss. 1977); State Tax Commission v. Fondren, 387 So.2d 712, 173 (Miss. 1980). It may be said, therefore, that Hopper is estopped to deny that he engages in activities that subject him to imposition of the tax. Thomas v. Bailey, 375 So.2d 1049, 1053 (Miss. 1979). We agree, but the point does not carry us far, for the most this could establish is that Hopper may owe some tax. It falls far short of proof that he owes $5,000.00 in taxes as here charged by the County.
A similar conclusion follows from the language and filing of the surety bond. To be sure, that surety bond recites that Hopper "constructs dwelling houses or apartment in DeSoto County from time to time" and that "as a result [Hopper] owes the [school building] tax... ." A fair reading of the bond standing alone, however, establishes nothing other than that Hopper may owe (perhaps, indeed, probably will owe) some taxes to the county. Again, this falls far short of establishing the factual prerequisites to an obligation to pay $5,000.00 in taxes.
From this point, the County's proof gets stronger.
The bond executed and delivered by Hopper contains the following sentence:
In the event the principal [Hopper] is found to owe more tax than covered by this bond, the County may require an additional or supplemental bond, ... .
*1153 The evidence reflects that Hopper in fact paid additional taxes to the County in the amount of $1,864.48. The County contends that this was a payment in lieu of the filing of a supplemental bond made because Hopper's taxes had come to exceed $5,000.00. The County argues that this additional payment, when viewed in the context of the language of the bond, constitutes strong evidence not only that Hopper owed $5,000.00 (deferred because the bond was on file) but that he acknowledged owing $5,000.00 in taxes. This point has force.
Beyond that there is no evidence that the $1,864.48 was paid under protest or without prejudice to Hopper's right to contest the original $5,000.00 tax liability.
The County sought to introduce into evidence a letter written by C.E. McElroy, tax assessor/collector on February 27, 1976, and addressed to the DeSoto County Board of Supervisors. The letter itemized the taxes owing by Hopper as follows:

 Lot 6 Bridgetown 645.15 + 50% pen. 322.58
 Lot 18 Bridgetown 647.24 + 50% pen. 323.63
 Lot 22 Bridgetown 606.00 + 50% pen. 303.00
 Lot 32 Bridgetown 645.15 + 50% pen. 322.58
 Lot 48 Bridgetown 603.00 + 50% pen. 301.50
 Lot 98 Bridgetown 616.70 + 50% pen. 308.35
 ______ ______
 3763.24 1881.64

The total amount due is $5644.48.
Tax Assessor/Collector McElroy died in 1978. The County sought to introduce this letter in support of its case on the premise that it was a part of the official business records of the County and further because the letter affirmatively reflected that a copy was mailed to W.H. Hopper and that Mr. Hopper had made no protest of the accuracy of the figures contained therein. The County Judge reserved ruling on admission of the letter and in his judgment of December 1, 1982, held:
That the copy of Mr. McElroy's letter is not sufficient proof to substantiate the declaration filed even if permitted into evidence for the purpose of proving that which it is intended to prove.
By reason of evidence further developed, we are of the opinion that the County Judge erred in refusing to consider the letter as establishing the truth of the matters set forth therein. For reasons known only to him, W.H. Hopper, representing the Hopper corporation, proceeded to call Joel P. Walker, Esq., attorney for DeSoto County, Mississippi, and counsel opposite in these proceedings, as an adverse witness, and thereupon to supply convincing evidence in support of the familiar adage that he who represents himself has a fool for a client. See, e.g., State v. Jackson, 635 S.W.2d 496, 497 (Mo. App. 1982); Irvin v. State, 44 Ala.App. 101, 203 So.2d 283, 288 (1967). Assuming arguendo that up to that point the County's proof was inadequate to establish its claim, Hopper succeeded in eroding that inadequacy through his examination of Walker. Most importantly, Hopper managed to elicit that Walker and McElroy had checked the computations of the taxes owed by Hopper "in detail" and that each had verified the amounts set forth in the letter. Not content with having thus sunk his ship, Hopper proceeded to assure that it would never surface again by providing Walker three uncontested opportunities to testify that (in connection with the constitutionality litigation) "You [Hopper] never questioned the amount of the tax."
Leaving aside the question whether the letter was admissible, Hopper provided direct testimony from Walker that he had checked and verified the amounts of taxes owed as set forth on the letter. The County thus had before the Court bare bones though adequate itemization of the taxes Hopper owed. This is then coupled with Walker's testimony that these figures were presented to Hopper under circumstances where Hopper's response can only be considered an admission by silence. Character v. State, 212 Miss. 30, 33, 53 So.2d 41, 42 (1951). Indeed, his silence has continued, for we find nothing in the record or in the briefs wherein Hopper has suggested any inaccuracy in the computation of the taxes said to be owing by him.
All things considered and having firmly in mind the limitations upon our scope of review when we act in the present *1154 procedural context, we are nevertheless left with a firm and definite conviction that Hopper owes DeSoto County school building taxes in the amount of at least $5,000.00. The evidence is convincing that Hopper owes $5,644.48 but we will not guild the lily by giving the County more than it claims. To be sure, we must concede that there are more orthodox ways in which the County could have made its proof of Hopper's tax obligations and, we wish to be quite clear that the showing that has been made may well be found inadequate in a case where the taxpayer has offered evidence that he was not subject to the tax, evidence that the tax was paid, evidence that the taxing authority's calculations are incorrect  something that would suggest that the County is wrong. Where a party without the burden of proof offers nothing, the party with the burden of proof may prevail on a lesser showing than might be required if the opposition had offered some evidence.
In conclusion, we find that the determination of the County Court that DeSoto County had failed to establish that Hopper owed it taxes in the amount of $5,000.00 is supported by no substantial evidence in the record and is, in our view, manifestly in error. The judgment of the Circuit Court of DeSoto County, Mississippi, accordingly, is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] The Hopper corporation, W.H. Hopper & Associates, Inc., is a party defendant and is the sole appellant here. At trial W.H. Hopper, individually, as the president and principal stockholder of the corporation, appeared and represented his corporation. Unless the contrary is apparent from the context, all references to "Hopper" in this opinion refer to the corporation and not W.H. Hopper, individually.
[2] Insofar as the record reflects, no appeal has been perfected by or on behalf of Maryland Casualty Company. To be sure, it appears in the proceedings below that Hopper has been assuming the burden of protecting the interest of its surety, Maryland Casualty. This, as we are aware, is quite common where surety bonds are put in suit. On the other hand, the record reflects that Maryland Casualty Company was named as a separate party defendant by DeSoto County, was served with process, and has for all legal intents and purposes been a separate litigant before the Court throughout. Maryland Casualty having in no way shape, form or fashion perfected an appeal, and the time for it doing so having long since past, the judgment rendered in the Circuit Court of DeSoto County, Mississippi, in favor of DeSoto County, Mississippi and against Maryland Casualty is final, notwithstanding the ultimate disposition of the instant appeal.