IRVING, P.J.,
for the Court:
¶ 1. This appeal arises out of a contractual dispute between Charity Hohm Wha-ley and Freddie Parson, doing business as Parson Construction Co. Whaley hired Parson to do a variety of repairs to a historic outbuilding[1] that Whaley owns. After completing the majority of the repairs, Parson refused to replace a number of windows on the building, claiming that he could not afford to do so. Whaley filed a complaint against Parson in the Warren County County Court, asking for $25,000 in damages as a result of Parson’s breach. The county court found that Parson had breached the contract but awarded Whaley only $1,500 in damages. Whaley appealed that judgment to the Warren County Circuit Court, which affirmed the county court’s judgment. Feeling aggrieved by that judgment, Whaley appeals and contends that the circuit court erred in affirming the county court’s judgment.
¶ 2. Having reviewed the record, we find that the record does not support the award entered by the county court and that the proper amount of damages is $5,850, less $2,000 that Whaley still owed Parson for the contract. Accordingly, we affirm the circuit court’s judgment, but we modify it to award $3,850 plus 8% interest.
FACTS
¶ 3. On November 12, 2003, Whaley and Parson entered into a construction contract. Under the terms of the contract, Parson was to do work on an outbuilding at Planter’s Hall, a historic property that Whaley owns. Specifically, the contract stated the following about the work that *724 Parson was supposed to do regarding windows on the outbuilding:
Renovation of windows on guest house[,] which includes the wood and windows built[,] 9 pane over 6 pane, primed, painted, and installed. Guest house has ten windows and windows will be freehand adjustable with lock in center on top of 6 pane window. Windows will be constructed with historical lumber[,] such as cypress and red-heart pine.
The contract also contained provisions whereby Parson was required to repair the roof, other woodwork, and the brickwork on parts of the outbuilding. The contract explicitly stated that Parson would supply all of the materials to complete the work. Whaley was required to pay $13,000 for the work: $9,000 at the beginning, $2,000 after the roof was completed, and the final $2,000 upon completion of all the work.
¶ 4. Parson eventually completed the roof and the other non-window work to the outbuilding. Although Whaley was unhappy with how some of the work was done, Parson substantially completed all of the work. However, when Parson went to buy the windows to install in the outbuilding, the company that was making the windows, Vicksburg Woodworks, demanded $5,350 for the windows instead of $1,712, which had been quoted to him by the company. Parson testified that he simply could not pay Vicksburg Woodworks the additional money. Ultimately, Parson refused to install the windows on the outbuilding, and Whaley refused to tender the final $2,000 contractual payment and filed her complaint against Parson. In the complaint, Whaley sought damages not only for the missing windows, but also for deficiencies in the work that had been completed.
¶ 5. After hearing testimony from both Whaley and Parson, the county court made the following relevant findings:
Ms. Whaley hired Mr. Parson to cosmetically repair that 170-year-old building for the purposes of having her homeowner’s insurance cover it to where she would be able to pay a decreased premium and not have to pay a dwelling premium on the substantial antebellum home that she occupies that’s next to it. The total agreed price was $13,000.
[[Image here]]
... even if a contractor makes a bad deal, he’s still required to perform because she’s not on the same footing as he is. So what we’ve got here is the building sitting down there with three of the four items that have been substantially completed, and there are some deficiencies. And then the fourth one with regards to the windows. There are no windows down there.
All right. So, I mean, this is not really going to be subject to a mathematical computation because it’s not going to be speculative on the damages. But I’m going to have to just pick a number that is going to make her whole based on the contract not being fully completed or performed. And it would appear to me — let’s see. She — had he done the whole job[,] she would owe him $2,000. So she’s a plus two on the game right now. All right. Now, I got to plug something in for the windows, okay. I’m going to plug in $500 for the three items that exist now: [t]he roof, the cornice, and the mortar and toe. I’m going to say her damages that exist right now are $500. Those three items have been substantially performed by Mr. Parson. But I’m going to find that $500 is going to be the cost to put those in the state of repair that she could have reasonably expected them to be after he completed those. So that brings us up to the windows. All right. The only evidence that I’ve got right now as to *725 the value of those windows, and it’s un-contradicted before me, is Freddy Parson’s testimony that it was $1,712. And that the total of that coupled with the carpenter that was going to put the thing around the brick to where the window went to it was going to be a gross sum of $3,000. So that is $3,000 for the windows. It’s $500 for the other three items that have not been completed, so that’s a total of $3,500 to bring her whole. She would owe him [$2,000 if the work was completed], so I’m deducting $2,000 for that. So judgment will be for Ms. Whaley in the amount of $1,500.
As stated by the county court, Parson testified that he had estimated that buying and installing the windows would cost approximately $3,000 based on the initial estimate given to him by Vicksburg Wood-works. Whaley never provided any evidence or testimony regarding the cost of installing the windows. The record contains a copy of the invoice given to Parson when he went to buy the windows from Vicksburg Woodworks; the invoice shows that the windows cost $5,350.
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. The Mississippi Supreme Court has stated the standard of review that we must follow when handling an appeal of a county court judgment:
The county court was the fact finder, and the circuit court, as well as this Court [or the Court of Appeals], are [sic] bound by the judgment of the county court if supported by substantial evidence and not manifestly wrong. W.H. Hopper & Asso[cs.], Inc. v. DeSoto County, 475 So.2d 1149, 1152 (Miss. 1985); Dungan v. Dick Moore, Inc., 463 So.2d 1094, 1100 (Miss.1985); Ellis v. S. Pellegrini, Inc., 163 Miss. 385, 391, 141 So. 273 (1932). Insofar as its findings of fact and conclusions of law are concerned, the judgment of a circuit or county court in a non-jury trial is entitled to the same deference on appeal as a chancery court decree. Rives v. Peterson, 493 So.2d 316, 317 (Miss.1986). That is, it will be assumed the trial judge made all necessary findings of fact in favor of appellee, whether stated or not. Brown v. Williams, 504 So.2d 1188, 1191 (Miss.1987); Rives v. Peterson, supra; Bryant v. Cameron, 473 So.2d 174, 179 (Miss.1985); Dungan v. Dick Moore, Inc., supra; Cotton v. McConnell, 435 So.2d 683 (Miss.1983). Moreover, if the judgment of such court can be sustained for any reason, it must be affirmed ... even though the trial judge based it upon the wrong legal reason. Shewbrooks v. A.C. and S., Inc., 529 So.2d 557 (Miss.1988); Allgood v. Bradford, 473 So.2d 402 (Miss.1985); Briggs v. Benjamin, 467 So.2d 932 (Miss.1985); Tedford v. Dempsey, 437 So.2d 410 (Miss.1983); Taylor v. F. & C. Contracting Co., Inc., 362 So.2d 625 (Miss.1978); Texas Gas Transmission Corp. v. City of Greenville, 242 So.2d 686 (Miss.1970); Lee v. Memphis Publ. Co., 195 Miss. 264, 14 So.2d 351, 152 A.L.R. 1428 (1943).
Patel v. Telerent Leasing Corp., 574 So.2d 3, 6 (Miss.1990).
¶ 8. The county court found that the only evidence of the cost of the windows was Parson’s testimony, which was based on the initial estimate that Vicksburg Wood-works gave him. This finding completely ignores the invoice that Vicksburg Wood-works gave Parson when he attempted to buy the windows. That invoice valued the windows at $5,350. Parson never disputed *726 the legitimacy of the figure, and it is apparent from Parson’s actions that he could not obtain the windows for the $1,700 or so that was originally quoted to him by Vicksburg Woodworks.
¶ 9. The overwhelming evidence showed that the windows could not be obtained for less than $5,350. We agree, however, with the county court’s assessment of the remainder of the $2,000 of the contract price against Whaley. Had the work been completed, Whaley would have owed Parson another $2,000. We also find no error in the county court’s assessment of $500 against Parson to compensate Whaley for the deficiencies in his other work.
¶ 10. Therefore, we affirm the county court’s judgment, but modify its amount. We find that judgment should be entered against Parson in the amount of $3,850, plus 8% interest. This amount represents $5,350 for the windows, plus $500 for the other deficiencies, minus the $2,000 that Whaley never paid on the contract.
¶11. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED AS MODIFIED, AND JUDGMENT IS ENTERED IN THE AMOUNT OF $3,850 PLUS 8% INTEREST. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. GRIFFIS, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. The outbuilding is apparently a guest house or similar structure.